IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC V. SHELBY,

       Petitioner,

   v.

JEAN HILL, Superintendent,
Snake River Correctional Institution,

       Respondent.

Civil No. 04-336-AS

FINDINGS AND RECOMMENDATION

    ANTHONY D. BORNSTEIN
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, OR  97204

       Attorney for Petitioner

    HARDY MYERS
    Attorney General
    LESTER R. HUNTSINGER
    Senior Assistant Attorney General
    Department of Justice
    1163 Court Street N.E.
    Salem, OR  97301

       Attorneys for Respondent

ASHMANSKAS, Magistrate Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and this action should be DISMISSED.

## BACKGROUND

In 1985, Petitioner was convicted in two separate cases on charges of rape, assault, burglary, and kidnaping. The trial court imposed a combined, indeterminate sentence of 20 years. In 1991, Petitioner received a consecutive 18-month determinate sentence for Assault in the Third Degree. In 1998, Petitioner received a consecutive 15-month determinate sentence for supplying contraband.

In June 1997, Petitioner was issued a misconduct report charging him with violating four major rule violations for possessing marijuana and tobacco. Petitioner was found guilty of drug smuggling, disobedience of an order, and possessing contraband, and was sanctioned to the loss of 100 days of good time and 88 days of meritorious good time credits.

In August 1999, Petitioner was issued a misconduct report alleging two major rule violations for fighting with an inmate and spitting on a correctional officer. That same month, Petitioner was issued a second misconduct report alleging three major rule

2 - FINDINGS AND RECOMMENDATION -

violations for assaulting and spitting on a correctional officer while assigned to the segregation unit. At the ensuing disciplinary hearing, Petitioner was found guilty of the alleged violations. Petitioner contends that the hearings officer stated on the record during the hearing that he would be sanctioned with the loss of 100 days of good time credit for each misconduct report, for a total of 200. In the formal Findings of Fact, Conclusions, and Orders issued by the hearings officer, however, Petitioner was sanctioned with the loss of 250 days of good time credit for each misconduct report, for a total of 500.

In August 2000, Petitioner filed a *pro se* Petition for Alternative Writ of Mandamus in Marion County Circuit Court. The trial court granted the Defendants' motion to dismiss the petition. On appeal, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. <u>State ex rel Shelby v. Palmateer</u>, 189 Or. App. 596, 77 P.3d 645 (2003), <u>rev. denied</u>, 336 Or. 422 (2004).

Petitioner filed this action on March 8, 2004. In his Petition for Writ of Habeas Corpus, he alleges five grounds for relief: (1) the August 1999 disciplinary orders violated due process because the hearings officer did not state on the record at the hearing that 500 days of good time credits would be retracted; (2) prison officials violated due process and the *ex post facto* prohibition when 188 days of good time and meritorious

3 - FINDINGS AND RECOMMENDATION -

good time credits were retracted following the June 1997 disciplinary hearing; (3) prison officials violated due process by incorrectly calculating earned good time credit; (4) prison officials violated due process by failing to award good time credit for work performed as an orderly while serving a sanction in disciplinary segregation; and (5) an *ex post facto* violation occurred when prison officials applied a new administrative rule restricting discretion to restore forfeited good time credits.

Respondent contends the claims alleged in Grounds One and Four are procedurally defaulted or otherwise lack merit, ground Two is moot, Ground Three fails to allege the real possibility of a constitutional error, and the Oregon courts' decisions denying relief on the claim alleged in Ground Five are entitled to deference. Petitioner concedes Ground Two is moot, and does not present argument in support of Ground Three.[1] Accordingly, the only remaining issues before the court are the claims alleged in Grounds One, Four, and Five.

---

[1] Because Respondent's arguments are meritorious on this claim, Petitioner is not entitled to relief on Ground Three. See 28 U.S.C. § 2248 ("[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.")

4 - FINDINGS AND RECOMMENDATION -

**DISCUSSION**

**I.   Procedural Default**

   **A.   Legal Standards**

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. Rose v. Lundy, 455 U.S. 509, 519 (1982). A "fair" presentation requires that the prisoner adequately alert the state courts to the federal nature of the claim. Duncan v. Henry, 513 U.S. 364, 365-66 (1995). This may be accomplished "by citing in conjunction with the claim the federal source of law on which [the petitioner] relies, or a case deciding such a claim on federal grounds, or by simply labeling a claim 'federal'." Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347, 1351 (2004).

A petitioner must have also presented his claim in a procedural context in which its merits will be considered. Castille v. Peoples, 489 U.S. 346, 351 (1989). A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991).

5 - FINDINGS AND RECOMMENDATION -

B. **Analysis**

Respondent argues Petitioner procedurally defaulted the due process claims alleged in Grounds One and Four. In his *pro se* brief to the Oregon Court of Appeals, Petitioner identified the federal nature of his due process claims. See Resp. Exh. 109, pp. 7-8. His *pro se* Petition for Review before the Oregon Supreme Court reiterated his federal due process claims. See Resp. Exh. 113, pp. 1-2. Accordingly, Petitioner did not procedurally default the claims alleged in Grounds One and Four.

II. **Relief on the Merits**

A. **Legal Standards**

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166, 1172-75 (2003).

A state court acts "contrary to ... clearly established Federal law" if it arrives at a conclusion opposite to that

reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412 (2000); Ramdass v. Angelone, 530 U.S. 156, 165-66 (2000). An "unreasonable application of clearly established Federal law" occurs if a state court identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case or unreasonably refuses to extend the governing legal principle. Williams, 529 U.S. at 412; Ramdass, 530 U.S. at 166.

Where the state court does not issue an opinion or otherwise supply the reasoning for a decision, federal habeas review is not *de novo*. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). Rather, this court considers whether the state decision was "objectively reasonable" after conducting an independent review of the record. Id.

**B. Analysis**

    **1. Due Process Claims**

Petitioner argues his due process rights were violated because the disciplinary hearings officer stated on the record during the August 1999 hearings that he was recommending the retraction of up to 100 days of good time credit in each case, but

7 - FINDINGS AND RECOMMENDATION -

subsequently issued written orders requiring the retraction of 250 days of good time credit in each case.

When a prison inmate faces disciplinary charges, due process requires prison officials to provide the prisoner with: (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; (3) a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action; and (4) legal assistance where the charges are complex or the inmate is illiterate. Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974). The requirements of due process are further satisfied "if some evidence supports the decision by the prison disciplinary board . . . ." Superintendent v. Hill, 472 U.S. 445, 455 (1985). A violation of the prison's regulations in the context of a disciplinary proceeding does not violate the Due Process Clause so long as the minimal protections outlined in Wolff have been provided. Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

Plaintiff received the process due under Wolff in his August 1999 disciplinary hearings. As Respondent notes, the rule violations at issue constituted a hazard to security, and the

8 - FINDINGS AND RECOMMENDATION -

disciplinary officer could have ordered forfeiture of up to 730 days of good time credit. Moreover, Petitioner's claim that the hearings officer stated he would recommend 100 days be forfeited in each case is not supported in the record. Finally, Petitioner's argument he was not afforded an opportunity to argue against the imposition of the sanction is without merit. Petitioner had the right to seek administrative review of the disciplinary orders, and did so. Accordingly, the state court decisions denying Petitioner relief on the due process claim alleged in Ground One are entitled to deference.

The due process claim alleged in Ground Three is likewise without merit. Petitioner offered no evidence in the state mandamus proceeding that he was not given credit for work performed. In contrast, the state provided documentation of job assignments for which Petitioner was credited with a seven-day work week, and those for which he was credited for less than a seven-day work week, in accordance with the application administrative rules.

## 2. *Ex Post Facto* Claim

In Ground Five, Petitioner claims Respondent's refusal to restore the good time credits forfeited in 1997 and 1999 violated federal constitutional *ex post facto* prohibitions because Respondent applied the rule in effect at the time Petitioner

sought restoration of credits, not the rule in effect at the time Petitioner committed his crimes.

At the time Petitioner committed the crimes for which he is incarcerated, Oregon administrative rules granted the Superintendent of an institution wide discretion to restore good time credits forfeited as a result of disciplinary sanctions. In 1985, the rule provided:

> All forms of forfeited Good Time will be restored based upon the conditions described below:
>
> (1) A review of the inmate's conduct after forfeiture of the Good Time will be made by the superintendent no sooner than two (2) and no later than six (6) months after the forfeiture, and on at least three (3) month intervals thereafter. Factors to be considered in each review will include the:
>
>> (a) Nature of the misconduct which caused forfeiture;
>>
>> (b) Record of the inmate's conduct since the offense on which forfeiture was based;
>>
>> (c) Other factors which are exceptionally mitigating to the situation; and
>>
>> (d) Individual's involvement in self-improvement programs.

Or. Admin. R. 291-100-038 (1985).

In 1993, the rule was amended to read:

> (1) Time credits that have been retracted may be restored upon recommendation of staff and approval of the functional unit manager or designee for an inmate who has been involved in saving a life.
>
> (2) Restoration of time credits must be approved in writing by the functional unit manager or designee.

10 - FINDINGS AND RECOMMENDATION -

Or. Admin. R. 291-97-090 (1993). The rule was amended again in 1998 and 2000, but subsections (1) and (2) did not change.

The Constitution prohibits states from passing any "*ex post facto* Law." U.S. Const., Art. I, § 10. A law is an *ex post facto* law if it meets two conditions. First, "it must apply to events occurring before its enactment." Weaver v. Graham, 450 U.S. 24, 29 (1981). "In other words, it must be retrospective." Hunter v. Ayers, 336 F.3d 1007, 1011 (9th Cir. 2003). Second, it must disadvantage the person affected by either altering the definition of criminal conduct or increasing the punishment for the crime. Id. (citations omitted). The *Ex Post Facto* Clause applies in the context of prison credits awarded toward a prisoner's early release. Hunter, 336 F.3d at 1011; see also Weaver, 450 U.S. at 30; Lynce v. Mathis, 519 U.S. 433, 436 (1997).

In Hunter, the Ninth Circuit Court of Appeals considered the effect of a prison regulation amendment deleting a mandatory requirement to restore good time credits under certain circumstances. The new rule, enacted after the prisoner committed the disciplinary infraction at issue, instead granted prison officials discretion to refuse restoration of credits. The Court held prison officials violated the *ex post facto* prohibition by applying the new rule retroactively. Instead, prison officials should have applied the rule *in effect at the time of the disciplinary violation.* Hunter, 336 F.3d at 1012.

11 - FINDINGS AND RECOMMENDATION -

At the time Petitioner committed the disciplinary violations for which he seeks restoration of good time credits in this case, Oregon rules granted prison officials discretion to do so only if an inmate was involved in saving a life. The fact that the rule in effect at the time Petitioner committed his underlying crimes granted prison officials more latitude in exercising discretion to restore credits is irrelevant.[2] Accordingly, Petitioner is not entitled to relief on the merits of the *ex post facto* claim alleged in Ground Five of his Petition for Writ of Habeas Corpus.

## **RECOMMENDATION**

For these reasons, I recommend that the Petition for Writ of Habeas Corpus (#2) be DENIED, and this action DISMISSED.

---

[2] Indeed, *dicta* in Hunter suggests the discretionary nature of the prior and subsequent rules most likely invalidates Petitioner's *ex post facto* argument in any event. As the court noted, "[i]f restoration of good time credits had been discretionary before and after the offense, this would be a different case. A 'speculative and attenuated possibility' of increasing an inmate's punishment is insufficient to violate the *ex post facto* clause." Hunter, 336 F.3d at 1012 (quoting California Department of Corrections v. Morales, 514 U.S. 499, 509 (1995)).

12 - FINDINGS AND RECOMMENDATION -

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due May 27, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement that date.

DATED this _____ day of May, 2005.

                                                    Donald C. Ashmanskas
                                                  United States Magistrate Judge